IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAULA ZELESNIK,

    Plaintiff,

    v.                                     Civil Action 2:18-cv-01225
                                       Judge George C. Smith
                                       Magistrate Judge Elizabeth P. Deavers

NASA, *et al.*,

    Defendants.

**ORDER and REPORT AND RECOMMENDATION**

    Plaintiff Paula Zelesnik, an Ohio citizen who is proceeding without the assistance of counsel, brings this action under against NASA, Ohio Aerospace Institute, University of Dayton, Departments of Education and Engineering, Lear Romec Crane Aerospace, GE Aircraft Engines, OE Energy, Cincinnati City Hall, the State of Ohio, NASA Glenn, District 12 ODOT, OAI/Hopkins Int'l Airport, Garden Apartments, Judge Dankof, Elizabeth Halle, Dana Brown, Vice President Mike Pence, GE Engines Indianapolis, Rolls Royce Engines, WPAFB Fuels & Combustion Division, Beavercreek Police Department, Beavercreek Vineyard, Indian Ripple Church, and Cincinnati Vineyard Church (collectively "Defendants").

    Plaintiff has filed a Motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2). (ECF No. 1.) The Motion is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to

recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the following reasons, it is **RECOMMENDED** that the Plaintiff's claims be **DISMISSED** by the Court.

### I. STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, though, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*   \*   \*
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon

---

[1] Formerly 28 U.S.C. § 1915(d).

determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this pleading standard does not require "detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In

addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty, Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (internal quotations omitted).

## II. ANALYSIS

Plaintiff has not written her Complaint in full sentences. She refers vaguely to a plane crash, stating "Colombia Airplane Crash 2016 Barak [sic] Obama, Bill & Hillary + Chelsea Clinton." (Compl. ¶ 3.) The rest of the Complaint is a list of names of businesses, individuals, and courts. (*Id.*) Plaintiff states that she seeks senate congressional hearings, a jury trial for persons in Washington, D.C., the names of all design engineers printed on every engine and airplane, and her name removed from a litany of products. (Compl. at p. 3.)

The undersigned finds that Plaintiff has failed to allege any colorable claim against any Defendant. The Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendants violated Plaintiff's rights. Rather, the allegations set forth in Plaintiff's Complaint are so nonsensical as to render the Complaint frivolous. A claim is frivolous if lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when "indisputably meritless" legal theories underlie the complaint. *Id.* at 327. A complaint lacks an arguable basis in fact when it is based on "fantastic or delusional" allegations. *Id.* at 328. Thus, when the factual allegations set forth in a complaint are "clearly irrational or wholly incredible," a court is not required to accept the allegations as true. *Ruiz v. Hofbauer*, 325 F. App'x 427, 430 (6th Cir. 2009). Here, Plaintiff's Complaint is "clearly irrational or wholly incredible." *See id.* It is therefore **RECOMMENDED** that the Court dismiss this action for failure to state a claim on which relief may be granted.

5

## III. CONCLUSION

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. For the foregoing reasons, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

It is also recommended that the Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies Plaintiff leave to proceed in forma pauperis. Plaintiff, a non-prisoner, remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Calihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, the party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating the proposed findings or recommendations to which objection is made, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy of the objection. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the party's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Even when timely

objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 23, 2018                         /s/ *Elizabeth A. Preston Deavers*
                                               ELIZABETH A. PRESTON DEAVERS
                                               UNITED STATES MAGISTRATE JUDGE